# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

MICHAEL J. PLEVYAK

| | |
|---|---|
| Chapter: | 13 |
| Case No.: | 5-16-bk-00158 RNO |

SOLAR INNOVATIONS, INC.

Movant(s)

vs.

MICHAEL J. PLEVYAK

Respondent(s)

| | |
|---|---|
| Document No.: | 113 |
| Nature of Proceeding: | Fifth Amended Chapter 13 Plan |

## OPINION[1]

The Chapter 13 Trustee and the only creditor who has filed a proof of claim each objected to confirmation of the Chapter 13 Debtor's Fifth Amended Plan. For the reasons stated below, I will sustain the Objections to confirmation and allow the Debtor a final opportunity to file a confirmable plan.

**I.       Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b) and § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L).

**II.      Facts and Procedural History**

J. Michael Plevyak ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 18, 2016.

An initial Chapter 13 Plan was filed on February 2, 2016. ECF No. 22. Objections to confirmation of the original plan were filed by Charles J. DeHart, III, the Standing Chapter 13

---

[1] Drafted with the assistance of Timothy R. Powell, Esquire, Law Clerk.

1

Trustee ("Trustee"). Objections to confirmation were also filed by the only creditor who has filed a proof of claim in this case, Solar Innovations, Inc. ("Solar").

For present purposes, it will suffice to say that a number of additional amended plans were filed by the Debtor. In each instance, Objections were filed by the Trustee and/or Solar. A series of objections were sustained, each with leave to file an amended plan.

On September 28, 2018, the Debtor filed his Fifth Amended Plan ("Plan"). ECF No. 113. Objections to confirmation of the Plan were filed by Solar. ECF No. 114. Objections to confirmation of the Plan were also filed by the Trustee. ECF No. 117. Solar objected on several bases, including, without limitation, that the Plan does not meet the requirements of 11 U.S.C. § 1325(a)(4)[2] of the Bankruptcy Code. In part, the Trustee's Objections also allege that the Plan does not meet the requirements of § 1325(a)(4).

On November 12, 2018, the Trustee objected to certain of the Debtor's claimed exemptions. Specifically, the Trustee objected to the Debtor's claimed exemption in the amount of $8,000.00 for certain music and recording equipment ("Musical Items"). On December 12, 2018, the Court entered an order sustaining the Trustee's objection to the exemption claim concerning the Musical Items.

Briefs were filed in support of and in opposition to confirmation of the Plan. Due to the untimely passing of my colleague, The Honorable John J. Thomas, this case was reassigned to me on February 13, 2019. The matter is now ripe for decision.

A bankruptcy judge may take judicial notice of his or her own docket. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, at *12 n. 19 (Bankr. E.D. Pa. Jan. 11, 1991). I take judicial notice of the docket entries in the Debtor's

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code" or "Code").

2

Chapter 13 case, as well as the contents of the schedules and statements which are not reasonably subject to dispute.

### III. Discussion

#### A. Burden of Proof on Confirmation Issues

The burden of proof on objections to confirmation of a Chapter 13 plan has been described as a shifting one. First, a party objecting to confirmation bears the initial burden of presenting some evidence to support his position. Once this initial burden has been satisfied, the burden shifts to the debtor – the debtor always holds the ultimate burden of proof, by a preponderance of the evidence, that the plan complies with the requirements of § 1325 of the Bankruptcy Code. *In re McKinney*, 507 B.R. 534, 539 (Bankr. W.D. Pa. 2014); *In re Wile*, 310 B.R. 514, 518 (Bankr. E.D. Pa. 2004).

The Plan contains an attachment. The first page of the attachment indicates that the Debtor will "pay into the Plan" the sum of $19,325.00, "representing the non-exempt equity in Debtor's real estate." Fifth Amended Chapter 13 Plan, ECF No. 113, p 12. I find that the Plan fails to make any provision for payment of the non-exempt value of the Musical Items.

I take judicial notice that a hearing was held on July 10, 2018, concerning the objections to confirmation of the Debtor's then Fourth Amended Plan. At that hearing, testimony was offered concerning the value of the Musical Items. A witness was called by Solar. Mr. Michael Magdon testified that he is the owner of a large retail music store in Olyphant, Pennsylvania. He testified that his business is a dealer for "the top three guitars." Trial Tr., 24, Jul. 10, 2018, ECF No. 111. He further testified that his store sells recording equipment, audio equipment, pianos, organs, drum sets and other musical instruments. He also testified that his store frequently purchases used items as trade-ins. He also testified that two of his employees have expertise in valuing particular musical instruments or equipment, which Mr. Magdon relies upon in evaluating such items. Trial Tr., 24-26, Jul. 10, 2018, ECF No. 111. After examination on

qualifications, Mr. Magdon was accepted by Judge Thomas as an expert witness on the value of musical and audio equipment and musical instruments. Trial Tr., 26-29, Jul. 10, 2018, ECF No. 111. On direct examination, Mr. Magdon valued the Musical Items at $13,900.00. Trial Tr., 31, Jul. 10, 2018, ECF No. 111. On cross examination, Mr. Magdon was asked what he would pay the bankruptcy estate to purchase the Musical Items. His response was "[a]bout $8,000." Trial Tr., 35, Jul. 10, 2018, ECF No. 111. I conclude that $8,000.00 represents a minimum liquidation value of the Musical Items. *See In re W.R. Grace & Co.*, 475 B.R. 34, 142-43 (D. Del. 2012) (Chapter 11 case discussing that assigning a liquidation value of creditor's claims requires that the Court estimate the amount creditors would receive under a hypothetical Chapter 7 liquidation). In this case, the attachment to the Plan itself states that the Debtor's non-exempt value of his real estate totals $19,325.00. From this record, I conclude that the hypothetical Chapter 7 liquidation value of the Debtor's non-exempt assets would also have to include the Musical Items for a total of $27,325.00 ($19,325.00 + $8,000.00).

    B.    **The Best Interests of Creditors Test**

Section 1325 of the Bankruptcy Code contains the legal requirements for the confirmation of a Chapter 13 plan. One requirement provides that a court shall confirm a plan if:

> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

11 U.S.C. § 1325(a)(4). It is law of the case that the Musical Items are non-exempt property of the estate. I have already found that those items have a liquidation value of $8,000.00. These findings support the initial burdens of the Trustee and Solar in objecting to confirmation of the Plan. Thus, the burden shifts to the Debtor to show, by a preponderance of the evidence, that the Plan complies with § 1325's requirements, including § 1325(a)(4).

Section 1325(a)(4) is often referred to as the "best interests of creditors test." *McKinney*, 507 B.R. at 540. The best interests of creditors test has been described as requiring that, at a minimum, unsecured creditors will be paid in the Chapter 13 plan the amount they would be paid if the case were a hypothetical Chapter 7 liquidation. *In re Cumba*, 505 B.R. 110, 114-15 (Bankr. D.P.R. 2014); *Hackerman v. Demeza*, 576 B.R. 472, 481-82 (M.D. Pa. 2017).

I stress that the statute makes reference to the value as of the "effective date of the plan." The wording of the Plan makes determination of the effective date very difficult in this case. This is not a conventional Chapter 13 plan, where the debtor will make regular monthly payments to a trustee over an applicable commitment period, typically three to five years. 11 U.S.C. § 1325(b)(4); *In re Davis*, 392 B.R. 132, 136 (Bankr. E.D. Pa. 2008). Here, the attachment to the Plan, as noted above, talks about paying into the Plan the sum of $19,325.00. Unfortunately, nowhere does the Plan indicate *when* the payment would be made into the Plan. I find that the Plan's failure to indicate a funding date or an effective date for the Plan makes it ambiguous. Ambiguity in a Chapter 13 plan can be interpreted against the debtor as the draftsperson. *In re Turek*, 346 B.R. 350, 355 (Bankr. M.D. Pa. 2006); *In re Brawders*, 325 B.R. 405, 411 (9th B.A.P. 2005). Further, because the attachment to the Plan is not part of this District's model Chapter 13 plan, adopted by Local Bankruptcy Rule 3015-1, I find that interpreting its ambiguity against the Debtor is particularly appropriate.

The most rudimentary Chapter 7 liquidation analysis in this case shows the following:

| | | |
|---|---|---|
| 1. Non-exempt value of real estate | $19,325.00 | |
| 2. Non-exempt value of Musical Items | $ 8,000.00 | |
| 3. Total hypothetical liquidation value | | $27,325.00 |
| 4. Allowance for hypothetical Chapter 7 administrative expenses | -$ 5,000.00 | |
| 5. Net hypothetical liquidation value | | $22,325.00 |

I conclude that the Debtor has not sustained his burden concerning the best interests of creditors test. I will sustain the Objections of both the Trustee and Solar to the extent they are based upon the § 1325(a)(4) best interests of creditors test. Because this finding means that the

5

Plan cannot be confirmed; as a matter of judicial restraint, I will not consider any of the other Objections interposed to confirmation of the Plan.

C. Should Leave to Amend the Chapter 13 Plan be Allowed?

The Court has considerable reservations about the Debtor's ability to propose a confirmable Chapter 13 plan. I note that Schedule I: Your Income states that the Debtor is not employed and has zero monthly income. At previous hearings, the Debtor testified that he would fund the Plan with money that his now deceased mother had left in her home for him. Another requirement for confirmation of a plan, that I have not discussed, is feasibility. That is, that the debtor will be able to make all the payments under the plan. 11 U.S.C. § 1325(a)(6); *In re Drago*, 2015 WL 9777745, at *2 (Bankr. D.N.J. Dec. 18, 2015). I make no specific finding with respect to that requirement at this time.

The proof of claim bar date in this case ran on May 22, 2016. Solar timely filed Proof of Claim No. 1-1 in the amount of $1,182,361.31, and the Claim has not been objected to. It, therefore, has *prima facie* validity as to the Claim and the amount of the Claim. Fed. R. Bankr. P. 3001(f). Solar has not received any distribution on its Claim in the more than three years that have elapsed during this Chapter 13 proceeding. A dollar today, of course, is worth more than a dollar a day, a month, or a year from now. *In re Nolen Tool Co.*, 50 B.R. 488, 489 (Bankr. W.D. Ark. 1985).

A bankruptcy judge always wants to allow an honest but unfortunate debtor a fair opportunity to reorganize and to obtain an appropriate discharge of his personal obligations. However, I am unaware of any provision that requires a Chapter 13 debtor to be given an unlimited number of opportunities to file a confirmable plan. Courts have recognized that where allowing the filing of an amended plan would be futile, the case may be dismissed. *In re Schafer*, 2009 WL 2913439, at *3 (Bankr. E.D. Pa. Mar. 9, 2009); *In re Orawsky*, 387 B.R. 128, 137

(Bankr. E.D. Pa. 2008) ("[t]here are cases in which a debtor's failure to propose a confirmable plan and the attendant delay justify dismissal of the case.").

I have weighed the above two competing concerns. The balance I strike is to allow the Debtor one final opportunity to propose a confirmable plan.

## IV. Conclusion

Based upon the foregoing, the Objections of the Trustee and Solar are sustained, and confirmation of the Debtor's Fifth Amended Plan is denied. My order will allow the Debtor a final period of sixty (60) days to file an amended, conforming plan which meets the requirements of § 1325 of the Bankruptcy Code. My order will also require that within sixty (60) days, the Debtor shall file an amended and updated Schedule I: Your Income and an amended and updated Schedule J: Your Expenses ("Amended I and J"). In the event the Debtor does not file an amended plan, and Amended I and J, within such sixty- (60-) day period or, in the event that the Debtor timely files a sixth amended plan which is found not confirmable, then, in either event, the Court will not allow any further amended plans to be filed and will consider dismissal of the case pursuant to § 1307 of the Bankruptcy Code.

By the Court,

_Robert N. Opel, II_
Robert N. Opel, II, Chief Bankruptcy Judge
(BI)

May 24, 2019